**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIANFRANCO ANDREOTTI, | Civil Action No.: 15-3475 (CCC-MF) |
| Plaintiff, | |
| v. | **OPINION** |
| OCWEN and JOHN DOE(S) 1-10 and ABC INC 1-10, | |
| Defendants. | |

**CECCHI, District Judge.**

### I.  INTRODUCTION

This matter comes before the Court on a motion of Defendant Ocwen Loan Servicing ("Ocwen" or "Defendant") to dismiss Plaintiff Gianfranco Andreotti's ("Plaintiff") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff did not file a response to the motion. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants the motion to dismiss.

### II.  BACKGROUND

Plaintiff purchased the premises at 327 Roff Avenue, Palisades Park, NJ (the "Subject Property") on March 15, 2001. (Compl.[1] ¶ 2.) On November 24, 2006, Teresa Andreotti (who is not a party to this lawsuit) executed a note with Gateway Business Bank ("Gateway").

---

[1] ECF No. 1-1

1

(Compl. ¶ 7; *see* Messinger Decl.[2] Ex. A.[3]) To secure payment on the note, Theresa Andreotti and Plaintiff Gianfranco Andreotti executed a mortgage (the "Mortgage") on the Subject Property to Mortgage Electronic Registration Systems, Inc., Acting Solely as Nominee for Gateway ("MERS"). (Compl. ¶ 7; *see* Messinger Decl. Ex. B.) On April 20, 2009, the Mortgage was assigned from MERS to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee Under the Pooling and Servicing Agreement Dated as of February 1, 2007, GSAMP Trust 2007-NCI, Mortgage Pass-Through Certificates Series 2007-NCI ("Bank of America"). (Compl. ¶ 7; *see* Messinger Decl. Ex. C.)

Plaintiff alleges that the Mortgage was subsequently assigned to [Ocwen] Loan Servicing. (Compl. ¶ 7.) Defendant's brief, however, states that on April 29, 2013, the Mortgage was assigned from Bank of America to U.S. Bank by an Assignment of Mortgage. (Compl. ¶ 7; *see* Messinger Decl. Ex. D.) On the Assignment of Mortgage, the address provided for the assignee, U.S. Bank, is "c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409."[4] (Messinger Decl. Ex. D.) Elsewhere in the Assignment of Mortgage, Ocwen is referred to as the "Attorney in Fact" for Bank of America. (*Id.*)

Plaintiff's Complaint alleges that the Mortgage "was never fully funded, and they never received any proceeds from that mortgage." (Compl. ¶ 8.) Plaintiff states that "the records provided by the lenders[sic] attorney . . . , indicate that the loan was in default not later than October 1, 2008, when the lender scheduled a sheriff sale." (Compl. ¶ 8.) According to

---

[2] ECF No. 5-1

[3] In evaluating a motion to dismiss, a district court can consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Each document submitted by Defendant as an exhibit to the Messinger Declaration is properly considered by this Court, either because it is a matter of public record or because it was directly relied upon by Plaintiff in the complaint.

[4] This is also the address provided for the assignor, Bank of America.

Defendant's brief, this statement refers to a letter (purportedly attached as Exhibit A to the Complaint) that was sent to Plaintiff by Avelo Mortgage, LLC regarding a foreclosure action. (*See* Def. Br.[5] at 3.) Plaintiff further states that "for reason[sic] that are unknown a complaint was again filed June 11, 2009, to foreclose on the property." (Compl. ¶ 8.)

### III.  LEGAL STANDARD

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, Courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

The Federal Rules of Civil Procedure contain a heightened pleading standard for claims of fraud. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Third Circuit has stated that "[t]o satisfy the particularity standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold*

---

[5] ECF No. 5-2

*v. Graff*, 516 F. App'x. 223, 226 (3d Cir. 2013) (internal quotation omitted).

## IV. DISCUSSION

### A. New Jersey Consumer Fraud Act (Count II)

Defendant argues that Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim fails to state a claim. For the following reasons, the Court agrees with Defendant.

There are three elements in a claim for violation of the NJCFA: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) causation. *Ciccone v. World Sav. Bank, F.S.B.*, No. 12-1661, 2013 U.S. Dist. LEXIS 68973, 28-29 (D.N.J. May 15, 2013). To survive a motion to dismiss, these elements must be pleaded with particularity. *Id.* at 25-26.

Here, Plaintiff has not pleaded (with the particularity required by Rule 9) facts sufficient to show any of the elements of a claim under the NJCFA. First, Plaintiff's only allegation is that Defendant, a loan servicing company, sent notices to Plaintiff regarding the Mortgage. (Compl. at Count II.) This allegation, even if true, does not suffice to show unlawful conduct by the Defendant—and certainly not the type of unlawful conduct contemplated by the statute. *See* N.J. Stat. Ann. § 56:8-2 ("unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation"). Second, Plaintiff's general allegation about what occurred "over the years" (*see* Compl. at Count II) does not sufficiently plead the date, time and place of the alleged fraudulent activity. And third, Plaintiff has not pleaded any facts that purport to show an ascertainable loss, let alone a loss caused by Defendant. The Complaint, therefore, fails to state a claim under the NJCFA.[6]

### B. Fair Debt Collection Practices Act (Count III)

Defendant argues that Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim fails

---

[6] Defendant also moves to dismiss on the basis that the NJCFA claim is time barred. Because the Complaint fails to state a claim, the Court need not reach the statute of limitations argument.

to state a claim. Plaintiff's Complaint fails to plead facts sufficient to state a claim under the Fair Debt Collection Practices Act. For the following reasons, the Court agrees with Defendant.

There are two elements in a claim for violation of the FDCPA: "(1) the defendant is a 'debt collector,' and (2) the defendant debt collector engaged in prohibited practices in an attempt to collect a debt." *Ciccone*, 2013 U.S. Dist. LEXIS 68973 at *41. Regarding the second element, "a violation of a provision of the FDCPA requires a discrete act; that is, an identifiable incident wherein the plaintiff's rights under the Act were violated." *Huertas*, 2009 U.S. Dist. LEXIS 89903, at *8-10. Moreover, a showing that the defendant engaged in a prohibited practice has been called a "threshold requirement." *See Whittingham v. Mortg. Elec. Registration Servs.*, No. 06-3016, 2007 U.S. Dist. LEXIS 33476, at *7 (D.N.J. May 15, 2007).

While the FDCPA is a remedial statute that is designed to protect the "least sophisticated debtor," the law does not create a blanket prohibition on sending collection letters and notices. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000). Rather the statute preserves "a quotient of reasonableness." *Id.* The Third Circuit has made clear that it is important to rule on FDCPA cases in a way that does not "frustrate Congress's intent to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). Ultimately, there must be a showing that the debt collection practices were abusive or harassing. *Cf. Clark v. Franklin Collection Serv.*, No. 14-8067, 2015 U.S. Dist. LEXIS 70944, at *5 (D.N.J. June 2, 2015).

Here, the Complaint does not allege any discrete act wherein Plaintiff's rights were violated. Moreover, Plaintiff's allegation that the "debt [] is not actually due" (*see id.*) is contradicted by the remaining facts in the Complaint as well as the documents upon which the

Complaint relies. (*See* Messinger Decl. Exs. A-D.) Although Plaintiff has alleged that Defendant sent Dunning notices, there is no allegation that such notices were abusive or harassing. Thus, because Plaintiff has pleaded no facts that would support the allegation that Defendant "used deceptive means to collect [the] debt" (*see* Compl. at Count III), this Court need not accept that conclusory allegation as true. *See Robinson v. New Jersey*, No. 11-6139, 2013 U.S. Dist. LEXIS 104829, at *15 (D.N.J. July 26, 2013) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). The Complaint, therefore, fails to state a claim under the FDCPA.[7]

### C. Declaratory Judgment (Count I)

New Jersey law allows for courts to issue declaratory judgments. *See generally* N.J. Stat. Ann. § 2A:16-50 *et seq*. However, because the FDCPA claim has been dismissed for failure to state a claim, there is no remaining federal question in this litigation. This Court may decline to exercise subject matter jurisdiction over the state law claim for declaratory judgment once the federal claims have been dismissed. 28 U.S.C § 1367(c)(3); *see Sheehan v. Mellon Bank, N.A.*, Case No. 95-2969, 1996 U.S. Dist. LEXIS 14725, at *19 (E.D. Pa. Sept. 30, 1996). Accordingly, the declaratory judgment claim will be dismissed.

### V. CONCLUSION

Having reviewed the parties' submissions, the Court grants Defendant's motion to dismiss. An appropriate Order accompanies this Opinion.

Dated: January 19, 2016

CLAIRE C. CECCHI, U.S.D.J.

---

[7] The Court need not reach Defendant's statute of limitations argument with respect to the FDCPA claim since the claim will be dismissed for failure to state a claim.